UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

September 11, 2014

LETTER TO COUNSEL

      RE:   *Steven Gecht v. Commissioner, Social Security Administration*;
               Civil No. SAG-14-21

Dear Counsel:

      On January 2, 2014, Plaintiff, Steven Gecht, petitioned this Court to review the Social Security Administration's final decision to deny his claim for Supplemental Security Income. (ECF No. 1). I have considered the parties' cross motions for summary judgment and Plaintiff's reply memorandum.[1] (ECF Nos. 18, 21, 22). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2014). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

      Mr. Gecht filed his claim for Supplemental Security Income ("SSI") on March 12, 2010. (Tr. 169-75). He initially alleged a disability onset date of February 1, 2007 but later amended that date to June 10, 2009.[2] (Tr. 190). His claim was denied initially and on reconsideration. (Tr. 102-08, 111-14). A hearing was held on May 23, 2012 before an Administrative Law Judge ("ALJ"). (Tr. 33-96). Following the hearing, the ALJ determined that Mr. Gecht was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 16-32). The Appeals Council denied Mr. Gecht's request for review, (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the agency.

      The ALJ found that Mr. Gecht suffered from the severe impairments of history of injury to the right ankle, history of injury to the back, history of injury to the neck, depression, and alcoholism. (Tr. 19). Despite these impairments, the ALJ determined that Mr. Gecht retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 416.967(b). He can frequently climb ramps and stairs, balance, stoop, kneel, crouch or crawl, but may never climb ladders, ropes or scaffolds. He is limited to simple, unskilled work in a low stress work environment, defined as having only occasional changes in the work setting,

---

[1] Mr. Gecht's reply memorandum is almost entirely duplicative of his motion for summary judgment, and did not respond in any particular fashion to the arguments raised in the Commissioner's motion for summary judgment.
[2] Mr. Gecht initially claimed Disability Insurance Benefits ("DIB") in addition to his SSI claim. (Tr. 165-68). However, Mr. Gecht voluntarily withdrew his DIB claim when he amended his alleged disability onset date to after his date last insured, such that only his SSI claim was pending at the time of his hearing before the Administrative Law Judge. (Tr. 37-39, 190).

*Steven Gecht v. Commissioner, Social Security Administration*
Civil No. SAG-14-21
September 11, 2014
Page 2

>     which would not be at a production rate pace and involves only contact with
>     coworkers and general public.

(Tr. 22). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Gecht could perform jobs existing in significant numbers in the national economy and that therefore he was not disabled. (Tr. 31-32).

Mr. Gecht raises two main arguments on appeal. First, he argues that the ALJ improperly assessed his credibility. Next, he argues that the ALJ reached an improper conclusion regarding his ability to make an adjustment to other work. Each argument lacks merit and is addressed below.

Mr. Gecht first argues that the ALJ improperly discredited his credibility. The Fourth Circuit has developed a two-part test for evaluating a claimant's subjective complaints. *Chater*, 76 F.3d at 594. First, there must be objective medical evidence of a medical impairment reasonably likely to cause the symptoms alleged by the claimant. *Id.* After the claimant meets this threshold obligation, the ALJ must evaluate "the intensity and persistence of the claimant's [symptoms], and the extent to which it affects [his] ability to work." *Id.* at 595.

Mr. Gecht initially argues that the ALJ improperly based her denial of disability on his failure to seek continuing medical and surgical treatment for his impairments. Pl. Mot. at 20-21. Mr. Gecht bases his argument on SSR 82-59, which is inapposite to his claim as it requires an ALJ to consider whether failure of a claimant to seek continuing treatment is justifiable when an individual who would otherwise be found disabled is denied disability based *solely* on that failure. Here, the ALJ's discussion of Mr. Gecht's failure to seek continuing treatment was simply one factor among many that she considered in determining the intensity, persistence, and limiting effects of his pain symptoms, as required by the pertinent regulation and discussed more fully below.

Mr. Gecht further claims that the ALJ failed to consider fully the factors set forth in 20 C.F.R. § 416.929(c)(3) in analyzing the intensity, persistence, and limiting effects of his pain symptoms.[3] Pl. Mot. at 21. This argument is likewise without merit. The ALJ discussed Mr. Gecht's daily activities, including the personal measures he takes to alleviate his pain symptoms, such as breaks and hot showers, as well as his ability to "function[] adequately in the performance of daily routine tasks." (Tr. 24, 27, 28). The ALJ noted Mr. Gecht's claimed levels of back and neck pain, 6-7/10 and ankle pain, 7-8/10. (Tr. 23-24, 60-62, 66). She also discussed his claims that his ankle pain affected his ability to walk stand and lift, and his claim that he experiences neck and back pain at least three times per week. (Tr. 23-24). However, the ALJ discredited those claims to the extent that they were contradicted by and inconsistent with the other evidence of record, as permitted by § 416.929(c)(4). She discussed her personal observations of Mr. Gecht's unimpaired ability to walk and sit on the day of the hearing, which

---

[3] Mr. Gecht cited 20 C.F.R. § 404.1529 in his argument, which governs DBI claims. I have analyzed his argument under the appropriate counterpart in the regulations governing SSI claims, which sets forth factors identical to those referenced by Mr. Gecht.

were corroborated by observations in the opinions of medical experts. (Tr. 27). Finally, as discussed above, the ALJ properly noted the medication and other measures of treatment Mr. Gecht had pursued (and declined to pursue) to alleviate his pain. Accordingly, the ALJ's decision to discredit Mr. Gecht's credibility was supported by substantial evidence.

As part of his credibility argument, Mr. Gecht that the ALJ's improperly assigned weight to the various medical opinions she considered in determining his RFC. Mr. Gecht takes issue with the ALJ's assignment of greater weight to opinions rendered before, than to those rendered after, the alleged disability onset date. Pl. Mot. at 19. Although several of the opinions accorded comparatively greater weight were indeed rendered prior to the alleged disability onset date, they nevertheless pertained to Mr. Gecht's ankle pain, one of the main causes of his claimed disability, and as such, they were germane to the overall disability assessment. Moreover, the opinion of a treating physician should be accorded significantly less than controlling weight "if it is not supported by clinical evidence or if it is inconsistent with other substantial evidence." *Craig*, 76 F.3d 585, 590. For each medical opinion given less than controlling weight, the ALJ provided a thorough explanation based upon the availability of supporting clinical evidence as well as any inconsistencies with the other evidence of record.[4] (Tr. 28-29). And while Mr. Gecht's temporal classification of the weight accorded the medical opinions is accurate, it fails to account for the rationale behind the specific assignment of weight to each opinion. The ALJ provided a thorough explanation of the weight she assigned to each opinion, supported by substantial evidence and taking into account the appropriate factors set forth in 20 C.F.R. § 416.927.

Mr. Gecht next alleges that the ALJ's conclusion, at step five, that he can make an adjustment to other work that exists in significant numbers in the national economy is improper. Mr. Gecht claims the hypothetical the ALJ posed to the VE did not accurately describe all of his functional limitations. Namely, Mr. Gecht claims that the ALJ disregarded his chronic pain limitations, such as his need to "rest either laying down, stretching, or taking hot showers at least 6 times per day for 15 minutes each time," in the hypothetical. Pl. Mot. at 24. In so arguing, Mr. Gecht is essentially attacking the ALJ's RFC determination. However, Mr. Gecht ignores the fact that the ALJ appropriately discredited the asserted extent of the limiting effects of his pain symptoms both in determining his RFC and in rejecting the hypotheticals posed to the VE by Mr. Gecht's representative. (Tr. 32). However, the ALJ is afforded "great latitude in posing hypothetical questions," *Koonce v. Apfel*, No. 98-1144, 1999 WL 7864, at *5 (4th Cir. Jan 11, 1999), and need only pose those that are based on substantial evidence and accurately reflect a claimant's limitations. In this case, the ALJ expressly incorporated all limitations deemed credible, including a light level of exertion or less, with no climbing of a ladder, rope or scaffold, a low stress level, and only occasional co-worker contact. (Tr. 88). I find no error with the hypothetical posed to the VE, which was supported by substantial evidence and pursuant to the correct legal standard.

---

[4] In particular, Mr. Gecht alleges that the ALJ "disregarded the opinions" of State medical experts Drs. Pataki and Johnston. Pl Mot. at 29. However, any error in assigning less weight to the physicians' opinions that Mr. Gecht was capable of only sedentary work is harmless because the VE testified that Mr. Gecht was capable of three representative sedentary positions (TR. 90).

Moreover, Mr. Gecht's argument that a hypothetical based upon his asserted functional limitations would have resulted in a VE determination that no jobs are available somewhat mischaracterizes the testimony of the VE. Rather, when asked whether a requirement of two to three more rest breaks per day than average would alter the outcome under the hypothetical, the VE responded that if the breaks were 10 minutes in length, Mr. Gecht would be able to maintain employment, and that only if the breaks were 15 minutes in length would he be unable to do so. (Tr. 94). And when asked whether a limitation of lifting no more than 10 pounds would alter the outcome under the hypothetical, the VE responded that such a limitation would eliminate the light work, but that sedentary work would remain available to Mr. Gecht. (Tr. 94-95). Even if the ALJ had not discounted Mr. Gecht's statements regarding the limiting effects of his pain symptoms, only in their most drastic form would those effects have altered the VE's determination as to the availability of work in the national economy to which Mr. Gecht could adjust.

Finally, Mr. Gecht claims the ALJ pre-determined his RFC and then improperly sought outdated evidence to corroborate that determination. Pl. Mot. at 24. However, as discussed above, the ALJ appropriately considered all of the relevant evidence before reaching her conclusion as to Mr. Gecht's RFC.

For the reasons set forth herein, Mr. Gecht's motion for summary judgment (ECF No. 18) will be DENIED and Defendant's motion for summary judgment (ECF No. 21) will be GRANTED. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

                              Sincerely yours,

                              /s/

                              Stephanie A. Gallagher
                              United States Magistrate Judge